NOT FOR PUBLICATION

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHRISTINA D. THUNDATHIL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-1008C |
| | ) | |
| v. | ) | Filed: March 12, 2021 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On July 12, 2019, *pro se* Plaintiff Christina D. Thundathil filed this action, alleging constitutional and statutory violations related to her claims for veterans benefits after she was discharged from the United States Armed Forces. Before the Court is Defendant's Motion for Summary Dismissal of Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons discussed below, Plaintiff fails to state a claim subject to the limited jurisdiction of the Court. Even assuming jurisdiction is properly invoked, Plaintiff fails to allege sufficient facts to state a plausible claim upon which relief can be granted. Accordingly, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

Although difficult to discern, Plaintiff's allegations appear to be directed at purported unlawful conduct related to her discharge from the Army "due to the United States alledgeing [sic] that [Plaintiff] made up a rape accusation" and the "termination of healthcare" and "termination of

any benefits" following her discharge.  Pl.'s Compl. at 5, ECF No. 1.[1]  Plaintiff alleges that the United States Department of Veterans Affairs ("VA") incorrectly deemed her ineligible for healthcare between September 29, 2010 and October 2012 based on records that inaccurately reflected her discharge characterization.  *Id.* at 9, 12-13.  She alleges that the Army corrected her discharge record in 2010, but the VA continued to rely on the incorrect record until 2015.  *Id.* at 9, 12, 14.  Plaintiff claims that Defendant "failed to follow their own laws, regulations, and policy on correction of . . . records" and "failed on more than one occasion to give [Plaintiff] due process rights."  *Id.* at 2.  Additionally, Plaintiff alleges Defendant "took property from [Plaintiff] also without due process," *id.*; discriminated against her, *id.* at 8; and unlawfully disclosed her service and benefit records, *id.*  Plaintiff seeks monetary damages for the alleged harm that resulted, including for medical and rehabilitation bills not covered by the VA.[2]  *See id.* at 13.

Initially, Plaintiff argued that the Court possesses jurisdiction to grant relief pursuant to the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fifth Amendment, the Tucker Act, the Administrative Procedure Act ("APA"), and the Privacy Act.  *Id.* at 1, 3, 8.  On September 10, 2019, Defendant moved to dismiss Plaintiff's claims pursuant to RCFC 12(b)(1) and 12(b)(6).  Def.'s Mot. for Summ. Dismissal of Pro Se Compl., ECF No. 7.  In her opposition brief, Plaintiff abandoned the claims alleging violations of the Due Process

---

[1] Plaintiff provided a short statement of her allegations in a form complaint and a more fulsome narrative submission, which makes general reference to voluminous attached documents and records.

[2]  Plaintiff is no stranger to the federal court system, having filed previous causes of action stemming from the same or similar set of facts presented here.  *See, e.g.*, *Thundathil v. Lynch*, 2016 WL 5485123 (W.D. Okla. Sept. 29, 2016), *aff'd*, 709 Fed. App'x 880 (10th Cir. Sept. 19, 2017); *Thundathil v. Trump, et al.*, No. 18-2231 (M.D. Fla. Jan. 18, 2019).

Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause, and the APA.[3] Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. Dismissal at 1, ECF No. 8.  Plaintiff clarified her claims as alleging violations of the Takings Clause of the Fifth Amendment, the Fair Credit Reporting Act ("FCRA"), and the Privacy Act.  *Id.* at 1, 3.  Plaintiff, for the first time, also claimed that jurisdiction is founded on the existence of an implied-in-fact contract.  *Id.*

Defendant contends that the Court lacks jurisdiction over Plaintiff's Complaint because (1) Plaintiff's constitutional and statutory claims are not money-mandating and (2) statutory schemes have displaced the Court's jurisdiction.  ECF No. 7 at 2-5; *see also* Def.'s Reply in Support of Mot. for Summ. Dismissal at 3-4, ECF No. 9.  Additionally, Defendant argues that Plaintiff's claims are time barred, and that Plaintiff's allegations fail to state any cognizable claim.  ECF No. 7 at 5-6; *see also* ECF No. 9 at 3-4.

This case was transferred to the undersigned on December 21, 2020.  Defendant's Motion is fully briefed and ripe for decision.

## II.  DISCUSSION

### A.    Jurisdiction of the Court of Federal Claims

The United States Court of Federal Claims is a court of limited jurisdiction.  *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000).  Derived from the Tucker Act, the Court's

---

[3]  Plaintiff's Complaint presented the Equal Protection claim as derived from the Fifth Amendment, *see* ECF No. 1 at 8, but Plaintiff later waived the Equal Protection claim as derived from the Fourteenth Amendment, *see* ECF No. 8 at 1.  The Court will consider Plaintiff's Equal Protection claim, whether derived from either amendment, as waived.  *See Buckley v. Valeo*, 424 U.S. 1, 93 (1976) ("Equal protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment.").  The waiver of Plaintiff's constitutional and APA claims is ultimately inconsequential as the Court does not possess jurisdiction to adjudicate such claims. *See, e.g.*, *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process Clauses of Fifth and Fourteenth Amendments and Equal Protection Clause of Fourteenth Amendment not money-mandating); *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006) (noting "the APA does not authorize an award of money damages at all").

jurisdiction extends over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C.  § 1491(a)(1).  The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."  *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (noting the Tucker Act does not create a substantive right but acts simply as a "jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)").  Thus, to establish jurisdiction under the Tucker Act, a plaintiff must identify another substantive source of law that "can fairly be interpreted as mandating compensation by the Federal Government."  *Navajo Nation*, 556 U.S. at 290 (quoting *Testan*, 424 U.S. at 400).  If the Court determines that the alleged source of law is not money-mandating, then dismissal of the cause of action for lack of jurisdiction is appropriate.  *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005).

**B.     Standard of Review**

Defendant moves to dismiss Plaintiff's claims pursuant to RCFC 12(b)(1), for lack of jurisdiction, and RCFC 12(b)(6), for failure to state a claim.

1.     RCFC 12(b)(1)

Under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)); *see also Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) ("When a party has moved to dismiss for lack of subject matter jurisdiction,

[a court] view[s] the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate."). Once determining it lacks subject matter jurisdiction, however, the Court must dismiss the action. *See* RCFC 12(b)(1), 12(h)(3).

Courts should "liberally construe[]" a *pro se* plaintiff's allegations and apply "less stringent standards" to a *pro se* complaint in comparison to "formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This loosening of the legal strictures on pleadings, nevertheless, does not spare *pro se* plaintiffs from the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *see also Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (noting that courts may not establish different rules for *pro se* litigants with respect to jurisdictional requirements).

## 2.   RCFC 12(b)(6)

Beyond a plaintiff's burden of establishing that a court possesses subject matter jurisdiction, a complaint may still be dismissed for "failure to state a claim upon which relief can be granted." RCFC 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter," thereby providing "facial plausibility" to a plaintiff's claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And although a "court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant," *Call Henry, Inc. v. United States*, 855 F.3d 1348, 1354 (Fed. Cir. 2017), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to shield a complaint from dismissal, *Iqbal*, 556 U.S. at 678.

**C.       The Court Lacks Jurisdiction Over Plaintiff's Privacy Act and FCRA Claims**

Plaintiff premises her claims on alleged statutory violations of the Privacy Act, as well as the FCRA.  The United States Court of Appeals for the Federal Circuit has rejected outright the jurisdiction of the Court of Federal Claims "over claimed violations of the Privacy Act . . . because th[e] statute[] do[es] not contain [a] money-mandating provision[]." *Frazier v. United States*, 683 Fed. App'x 938, 940 (Fed. Cir. 2017).  Numerous judges of this court have also held that Privacy Act claims cannot be brought in this court.  *See, e.g.*, *Braun v. United States*, 144 Fed. Cl. 560, 571 (2019) ("Any claims that plaintiff wishes to pursue under the Privacy Act can only be brought in a District Court, and cannot be brought in this court.") (collecting cases); *Addington v. United States*, 94 Fed. Cl. 779, 784 (2010) ("[T]his court cannot adjudicate plaintiff's claim that the VA violated the Privacy Act.").  As those cases note, section 552a(g)(1) of the Privacy Act makes clear that "the district courts of the United States shall have jurisdiction" to adjudicate a civil action against an agency for an alleged violation of the Privacy Act.  5 U.S.C. § 552a(g)(1); *see also* *McKoy v. Spencer*, 271 F. Supp. 3d 25, 34 (D.D.C. 2017) (denying as "inappropriate" the defendant's request to transfer her Privacy Act claim to the Court of Federal Claims).

Similarly, the Court does not have jurisdiction over Plaintiff's FCRA claim.  In *United States v. Bormes*, the United States Supreme Court found that the remedial scheme of the FCRA displaced this Court's jurisdiction under the Tucker Act.  *See* 568 U.S. 6, 15 (2012); *see also St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 994 (Fed. Cir. 2019) ("Congress's creation of a system of administrative review, followed by judicial review in a district court (or in a court of appeals) has been held to displace any Tucker Act remedy that may otherwise have been available in the Court of Federal Claims.").

6

Accordingly, Plaintiff's alleged violations of the Privacy Act and the FCRA, even taken as true, must be dismissed for lack of subject matter jurisdiction under RCFC 12(b)(1).

### D.   Plaintiff Fails to State a Contract Claim Within the Court's Jurisdiction or Upon Which Relief Can Be Granted

Defendant asserts that Plaintiff's allegations of an implied-in-fact contract fail to state a cognizable claim. ECF No. 9 at 4. The Court, however, must first examine whether these same allegations satisfactorily establish the Court's jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."); *see also Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (characterizing subject matter jurisdiction as a "threshold requirement" for a court "to exercise jurisdiction over a case"). "A non-frivolous allegation that a contract exists between a plaintiff and the United States is sufficient to invoke the subject matter jurisdiction of the Claims Court, but dismissal may be proper for lack of subject matter jurisdiction 'if the claim is wholly insubstantial and frivolous.'" *Ibrahim v. United States*, 799 Fed. App'x 865, 867 (Fed. Cir. 2020) (quoting *Lewis v. United States*, 70 F.3d 597, 602 (Fed. Cir. 1995)); *see also Perry v. United States*, 149 Fed. Cl. 1, 14 (2020). Indeed, if an asserted claim and accompanying jurisdictional ground is a purely pretextual basis for obtaining the Court's jurisdiction, then the Court ultimately lacks jurisdiction. *See Lewis*, 70 F.3d at 603.

In this case, Plaintiff did not raise a contract claim in the Complaint and only first alleged the existence of an implied-in-fact contract in response to Defendant's Motion. ECF No. 8 at 1-3. Moreover, Plaintiff asserts only that an unspecified contract exists and, therefore, jurisdiction of the Court over the matter is proper.[4] She does not allege any facts "from which [this] Court could

---

[4] Plaintiff argues that *Hanlin v. United States*, 316 F.3d 1325 (Fed. Cir. 2003) supports the Court's jurisdiction over her claim. *See* ECF No. 8 at 1. *Hanlin*, however, involved review of an

. . . plausibly conclude[] that [she] had a contract with the United States government." *Ibrahim*, 799 Fed. App'x at 867.  The gravamen of Plaintiff's Complaint seems to be premised on the facts surrounding her discharge from military service and the subsequent, related denial of healthcare benefits by the VA.  But the Federal Circuit has held that rights of military personnel, such as benefits, "depend upon an exercise of legislative grace, not upon principles of contract, property, or 'takings' law."[5]  *Schism v. United States*, 316 F.3d 1259, 1268 (Fed. Cir. 2002) (citing *Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981) ("[I]t has long been held that the rights of civilian and military public employees against the government do not turn on contract doctrines but are matters of legal status even where compacts are made.")).  Plaintiff's bare, conclusory allegation of the existence of an implied-in-fact contract does not suffice, warranting dismissal of the claim under RCFC 12(b)(1).

Even if the contract claim did not constitute a pretextual basis for obtaining the Court's jurisdiction, Defendant correctly argues that the allegations fall far short of a cognizable claim. *See Perry*, 149 Fed. Cl. at 14 (recognizing that "the Federal Circuit directs that [the court] err on the side of a merits dismissal pursuant to RCFC 12(b)(6) (citing *Lewis*, 70 F.3d at 603)). "[P]ursuant to RCFC 12(b)(6), a plaintiff must plead facts demonstrating *all* of the elements of a

---

attorney's claim that 38 U.S.C. § 5904(d) and 38 C.F.R. § 20.609(h) created an implied-in-fact contract between him and the VA for payment of his fees.  *Hanlin*, 316 F.3d at 1328.  Although the Court held that it had jurisdiction over the plaintiff's complaint, it rejected his claim on the merits.  *Id.* at 1328-30.  Here, Plaintiff does not identify any actions or representations by government agents, nor any statutory or regulatory authority, predicating the alleged existence of a contract between Plaintiff and the United States.

[5]  To the extent that Plaintiff's claims challenge the temporary denial of her healthcare benefits, this Court lacks jurisdiction for a separate reason.  As the Federal Circuit has held, "an appeal to the Veterans Court is the exclusive judicial remedy for the denial of veterans benefits, thereby preempting Tucker Act jurisdiction over [such] claims." *See Sindram v. United States*, 130 Fed. App'x 456, 458 (Fed. Cir. 2005) (per curiam).

contract with the government — namely, 'a mutual intent to contract, including an offer, an acceptance, and consideration' exchanged with a government official having actual authority to contract." *Id.* at 20 (quoting *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1326 (Fed. Cir. 1997)). Here, Plaintiff has not pled facts demonstrating even one of the elements of a cognizable contract claim. *See Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (holding dismissal under RCFC 12(b)(6) is required "when the facts asserted do not give rise to a legal remedy, . . . or do not elevate a claim for relief to the realm of plausibility" (citations omitted)). Because it is devoid of facial plausibility, Plaintiff's contract claim must also be dismissed pursuant to RCFC 12(b)(6).

**E.     Plaintiff Fails to State a Takings Claim Within the Court's Jurisdiction or Upon Which Relief Can Be Granted**

Dismissal of Plaintiff's takings claim is likewise warranted. The Takings Clause of the Fifth Amendment prohibits private property from being "taken for public use, without just compensation." U.S. Const. amend. V. While "jurisdiction under the Tucker Act" is proper for "a nonfrivolous takings claim," *Moden v. United States*, 404 F.3d 1335, 1342 (Fed. Cir. 2005), such a claim "cannot be found on the theory that the United States has taken unlawful action," *Moody v. United States*, 931 F.3d 1136, 1142 (Fed. Cir. 2019). S*ee also Rith Energy, Inc. v. United States*, 270 F.3d 1347, 1352 (Fed. Cir. 2001) (finding that complaints stemming from illegitimate or unlawful government action "are therefore not properly presented in the context of [a] takings claim"). Moreover, the mere invocation of the word "taking" does not suffice to bestow the Court with jurisdiction over a matter. *See Barksdale v. United States*, 582 Fed. App'x 890, 892 (Fed. Cir. 2014).

Plaintiff's takings claim, and accompanying jurisdictional ground, is unsupported by anything other than the mere invocation of the Takings Clause of the Fifth Amendment. This is

not sufficient to satisfy Plaintiff's burden of establishing jurisdiction.  *See id.*  Moreover, the allegations underlying the threadbare recitation that Defendant "took property" from Plaintiff, even taken as true, only characterize the Defendant's conduct as unlawful.  Whatever the exact nature of alleged wrong Plaintiff presents here, it is not properly presented in the context of a takings claim.  *See Rith*, 270 F.3d at 1352; *see also Milgroom v. United States*, 651 Fed. App'x 1001, 1005 (Fed. Cir. 2016) ("[T]he Claims Court . . . may only exercise . . . jurisdiction [over a takings claim] when the claimant 'concede[s] the validity of the government action which is the basis of the taking claim to bring suit under the Tucker Act.'" (quoting *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802-03 (Fed. Cir. 1993))).  Accordingly, the Court lacks jurisdiction over Plaintiff's takings claim, and it must therefore be dismissed under RCFC 12(b)(1).

Even if the Court were to find that Plaintiff asserts a takings claim subject to the Court's jurisdiction, the Complaint does not articulate adequate factual allegations to overcome dismissal under RCFC 12(b)(6).  *See Iqbal*, 556 U.S. at 678.  "To state a taking[s] claim, plaintiffs must demonstrate that they have a property interest to assert and that the government physically or by regulation infringed on that interest for public use." *Craig Patty & Craig Thomas Expeditors, LLC v. United States*, 136 Fed. Cl. 211, 214 (2018); *see also Acceptance Ins. Co. v. United States*, 583 F.3d 849, 854 (Fed. Cir. 2009) (describing a two-part test for evaluating takings claims where a court first determines "whether the claimant has identified a cognizable Fifth Amendment property interest" and, if so, then determines "whether that property interest was 'taken'").  Defendant correctly argues that Plaintiff fails to state "facts indicating what property interests were allegedly taken, how they were taken, when they were taken, or who took them."  ECF No. 9 at 3; *see also Vane Mins. (US), LLC v. United States*, 116 Fed. Cl. 48, 62 (2014) ("The absence of a compensable property interest has been recognized as grounds for dismissal under RCFC 12(b)(1) and

12(b)(6).").  As a result, the Court is left to surmise that the takings claim is related to the period in which Plaintiff was deemed ineligible for veterans benefits.  As with the purported contract claim, whether Plaintiff is entitled to veterans benefits arises from statutory authority not "principles . . . of 'takings' law."  *Schism*, 316 F.3d at 1268.  Thus, Plaintiff's takings claim falls far short of the facial plausibility standard necessary for the Court to grant relief.  Dismissal under RCFC 12(b)(6) is likewise appropriate.[6]

### F.    Amendment of the Complaint Would Be Futile

In her opposition, Plaintiff offers in the alternative to amend her Complaint if the Court is inclined to grant Defendant's Motion.  *See* ECF No. 8 at 3; *see also Normandy Apts., Ltd. v. United States*, 100 Fed. Cl. 247, 259 (2011) (deeming "plaintiff's statements on brief as the equivalent of a motion to amend the subject complaint").  The decision to grant or deny an opportunity to amend a pleading lies within the discretion of the trial court.  *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403 (Fed. Cir. 1989).  Although RCFC 15(a)(2) provides that a court should exercise that discretion "freely" to permit amendment "when justice so requires," the existence of factors such as "futility of amendment" may justify the denial of a motion for leave to amend.  *Id.* at 1403-04 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff "has been afforded an opportunity to demonstrate this [C]ourt's jurisdiction . . . and fails to explain how amendment would cure any of the jurisdictional defects in [her] complaint."  *Ishler v. United States*, 115 Fed. Cl. 530, 541 (2014); *see also, e.g.*, *Emerald Coast Finest Produce Co. v. United States*, 76 Fed. Cl. 445, 452 (2007) (denying amendment as futile where all the relevant claims were outside of the court's jurisdiction).  Nor has she demonstrated

---

[6]    Because the Court has determined that all of Plaintiff's claims must be dismissed pursuant to RCFC 12(b)(1) or RCFC 12(b)(6) for the reasons discussed above, the Court need not address Defendant's argument that Plaintiff's claims are untimely.

that amendment will provide the plausibility that is lacking in her claims for relief, especially where the events underlying her Complaint do not support those types of claims. *See Leider v. United States*, 301 F.3d 1290, 1299 n.10 (Fed. Cir. 2002).

Accordingly, Plaintiff's implicit request for leave to file an amended complaint is denied.

### III.  CONCLUSION

Because the Court lacks jurisdiction over Plaintiff's claims, the Court must dismiss the Complaint.  The limited jurisdiction of the Court does not extend to the statutory violations asserted by Plaintiff.  Moreover, Plaintiff's contract and takings claims appear wholly pretextual and insubstantial, such that the Court lacks jurisdiction.  Even if the Court were to find it possessed jurisdiction over these latter claims, Plaintiff's allegations on their face do not plausibly plead claims that would entitle Plaintiff to a legal remedy.

For the foregoing reasons, Defendant's Motion for Summary Dismissal is **GRANTED** and Plaintiff's Complaint is **DISMISSED** for lack of jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim pursuant to RCFC 12(b)(6).[7]  The Clerk is directed to enter judgment accordingly.

**SO ORDERED**.

Dated: March 12, 2021                                 */s/ Kathryn C. Davis*
                                                                        KATHRYN C. DAVIS
                                                                        Judge

---

[7]  Plaintiff filed concurrently with her Complaint an Application to Proceed *In Forma Pauperis*.  ECF No. 2.  Plaintiff's application is **GRANTED** for the limited purpose of dismissing the case.